IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
    v.                      )         2:22cr229-MHT
                            )             (WO)
RAVEN ALEXANDREA THORNTON   )
```

ORDER

This case is before the court on defendant Raven Alexandrea Thornton's unopposed motion to continue her trial. Based on the representations made in the motion, and for the reasons set forth below, the court finds that jury selection and trial, now set for October 31, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). It also excludes from the 70 days any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under the latter provision, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Thornton in a speedy trial. *See* § 3161(h)(7)(A). Defense counsel represents that Thornton will not be able to receive a mental-health evaluation until early November, which is the earliest point at which mental-health expert Dr. Randall Griffith is available. Defense counsel represents that such an evaluation is necessary to ensure Thornton is competent to proceed, and the government does not oppose the motion. A continuance is necessary to allow defense counsel adequate time to secure a comprehensive mental-health evaluation.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Raven Alexandrea Thornton's unopposed motion to continue trial (Doc. 20) is granted.

(2) The jury selection and trial, now set for October 31, 2022, are reset for February 6, 2023, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 26th day of October, 2022.

/s/ Myron H. Thompson<br>**UNITED STATES DISTRICT JUDGE**