IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
     v.                      )        2:22cr229-MHT
                             )            (WO)
RAVEN ALEXANDREA THORNTON    )
```

OPINION AND ORDER

Defendant Raven Alexandrea Thornton was charged with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The question before the court is whether she has the mental capacity to stand trial, that is, whether she is currently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is not able to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See* 18 U.S.C. § 4241(a). Based on the results of her psychological evaluation and the evidence presented on the record during a hearing on February 27, 2023, the court finds that she has the mental capacity to stand trial.

The question of Thornton's competence was initially raised by her counsel, who requested several continuances in order to secure a mental-health evaluation for her. As counsel stated in one motion to continue, he "remain[ed] concerned about Ms. Thornton's psychological state" and believed an evaluation was necessary in advance of her scheduled trial. Unopposed Motion to Continue (Doc. 25) at 1. Counsel's requests to continue trial were granted and Thornton received an evaluation from Dr. H. Randall Griffith, a board certified clinical neuropsychologist. Defense counsel then submitted Dr. Griffith's report to the court. *See* Motion for Status Conference (Doc. 30) and attached Psychological Evaluation (Doc. 30-1).

Dr. Griffith concluded that, based on his evaluation, it "[did] not appear that Ms. Thornton lack[ed] sufficient present ability to assist in her defense by consulting her counsel," adding that she had "a reasonable degree of rational understanding of the facts and legal proceedings against her." Psychological

Evaluation (Doc. 30-1) at 7. In support of this conclusion, Dr. Griffith reported that Thornton was aware of the nature of the charges she was facing and understood the roles of participants in a jury trial, the significance of entering a plea, and her attorney's role as her advocate in these proceedings. *See id*. He observed that she suffered from cognitive impairments, including severe impairments in her immediate memory and delayed memory, her overall attention, her visual and special skills, and certain executive functions. *See id*. at 5-6. His diagnostic conclusion was "cognitive impairment likely secondary to medication use," referring to a medication she takes to treat her Crohn's Disease. *Id.* at 6. However, he concluded that these impairments did not detract from her competency to participate in these proceedings.

Dr. Griffith elaborated on his findings at a hearing on the record on February 27, 2023. He explained that although Thornton has a history of other psychological symptoms--including hearing voices and experiencing

3

other forms of delusions--those symptoms were not present during his meeting with her, and did not preclude her competency at this time.  He added that her history of anxiety and depression could be attributed to her experience with chronic illness generally.  He also observed that her history of mental-illness struggles has not prevented her from maintaining steady employment, managing her finances, or living independently in general.  In short, he did not offer any evidence that would lead the court reasonably to question Thornton's competency to stand trial.  Neither the defense nor the government objects to the conclusion that Thornton is competent to proceed.

Therefore, based on the psychological evaluation and testimony of Dr. Griffith and pursuant to 18 U.S.C. § 4241(a), the court finds that Thornton is not currently suffering from a mental disease or defect such that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her own defense.

4

\*\*\*

Accordingly, it is ORDERED that defendant Raven Alexandrea Thornton is declared mentally competent to stand trial in this case.

DONE, this the 28th day of February, 2023.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**