IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:22cr229-MHT
                            )            (WO)
RAVEN ALEXANDREA THORNTON   )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office, to determine whether a defendant might be eligible for a reduction of sentence. *See* 2:23-cm-4048-ECM.

Defendant Raven Alexandrea Thornton filed a motion for sentence reduction under Amendment 821 (Doc. 90). The court referred the motion to the Amendment 821 Screening Panel for recommendation. The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered February 13, 2025, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Thornton is not eligible to receive a reduction in sentence pursuant to Amendment 821 for the following reasons. First, she did not receive status points at sentencing, so she is ineligible for a reduction on that ground. Second, though she was a zero-point offender at the time of sentencing, she is not eligible for an adjustment for zero-point offenders under the applicable guideline, §4C1.1 of the U.S. Sentencing Guidelines. Under that guideline, a defendant is eligible for an adjustment *only if* she meets all of a list of 11 criteria. Thornton does not meet the following criteria: that "the defendant did not use violence or

credible threats of violence in connection with the offense," §4C1.1(a)(3). Because Thornton committed an armed robbery during which she told the bank teller she had a bomb and a gun in her bag, she does not meet all of the criteria for an adjustment under U.S. Sentencing Guideline §4C1.1, and does not qualify for a reduction in sentence. *See* Presentence Investigation Report (Doc. 80) at 3; Judgment (Doc. 84).

    An appropriate order will be entered.

    DONE, this the 13th day of February, 2025.

                                      /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**